UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



JEFFREY S. SMALL, as Clerk of Circuit
Court of City of Fredericksburg, Virginia,
individually and on behalf of all others
similarly situated,

    Plaintiff,

vs.

Case No. 3:12CV487

FEDERAL NATIONAL MORTGAGE
a/k/a FANNIE MAE and FEDERAL
HOME LOAN MORTGAGE CORPORATION
a/k/a FREDDIE MAC,

    Defendants
_____/

## COMPLAINT – CLASS ACTION

Plaintiff, Jeffery S. Small in his official capacity as Clerk of Circuit Court of City of Fredericksburg, Virginia, individually and on behalf of all others similarly situated, sues the Defendants, Federal National Mortgage Association a/k/a Fannie Mae, and Federal Home Loan Mortgage Corporation a/k/a Freddie Mac, and states:

### JURISDICTION AND PARTIES

1. This is a class action to recover real estate transfer taxes on the recording of instruments and other relief under law.

2. The Court has jurisdiction over this matter under 28 U.S.C. § 1331, because this matter requires the interpretation of federal statutory law 28 U.S.C. § 1723a(c)(2) and states a claim for declaratory relief under 28 U.S.C. §§ 2201-2202. The Court also has jurisdiction over this matter under 28 U.S.C. § 1332, because the parties reside in

different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Plaintiff Jeffrey S. Small is the Clerk of Circuit Court of the City of Fredericksburg, Virginia, and brings this case in his official capacity as Clerk individually and on behalf of all others similarly situated. The Plaintiff is vested with the duty to collect the transfer taxes from the Defendants and is authorized to bring this action on behalf of the City of Fredericksburg, Virginia.

4. Defendant Federal National Mortgage Association a/k/a Fannie Mae is a private for-profit corporation doing business in the City of Fredericksburg, Virginia, as well as nationally, and is subject to the jurisdiction of this Court.

5. Defendant Federal Home Loan Mortgage Corporation a/k/a Freddie Mac is a private for-profit corporation doing business in City of Fredericksburg, Virginia, as well as nationally, and is subject to the jurisdiction of this Court.

6. Venue is proper in this Court, because the violations complained of as they relate to Plaintiff occurred in the City of Fredericksburg, Virginia.

## ALLEGATIONS OF FACT

### A. Plaintiff Jeffrey S. Small, Clerk of Circuit Court of City of Fredericksburg, Virginia

7. Pursuant to Va. Code § 58.1-801, there is imposed a state recordation tax on every deed admitted to record, except a deed exempt from taxation by law, at the rate of 25 cents on every $100 or fraction thereof of the consideration of the deed or the actual value of the property conveyed, whichever is greater. In addition to this tax, pursuant to Va. Code § 58.1-802, there is also imposed on each deed, instrument, or writing by which lands, tenements or other realty sold is granted, assigned, transferred,

or otherwise conveyed to, or vested in the purchaser, or any other person, by such purchaser's direction at tax, when the consideration or value of the interest, whichever is greater, exceeds $100, at the rate of 50 cents for each $500 or fraction thereof, exclusive of the value of any lien or encumbrance remaining thereon at the time of the sale, whether such lien is assumed or the realty is sold subject to such lien or encumbrance. The above taxes are referred to as a real estate transfer tax or transfer tax. The transfer tax is an excise tax which is paid for the privilege of recording documents.

8. Under law, the transfer tax must be paid to the Plaintiff as Clerk of Circuit Court by the Grantor under the deed or instrument which is filed.

9. Defendants are the grantor in numerous real estate transactions in the City of Fredericksburg, Virginia, which they have recorded with Plaintiff and has not paid to Plaintiff the transfer tax for such recordings as required by law.

10. Defendants have not paid the transfer tax, because they claim that they are exempt from the transfer tax under Virginia and/or federal law based on its being a government entity.

11. Defendants are not government entities or instrumentalities but, rather, are private corporations. As such, they are not exempt from payment of the transfer tax.

12. Moreover, the statutory exemptions do not apply to the transfer tax since it is not a "direct tax."

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action pursuant to the provisions of Fed.R.Civ.P. 23, on behalf of himself in his official capacity and as a representative of a statewide class of
3

similarly situated clerks of court and other officials and entities in Virginia to whom payment of real estate transfer taxes is due under law. Plaintiff seeks class certification under subsection (b)(2) and, alternatively, (b)(3) of Fed.R.Civ.P. 23.

14. Plaintiff seeks to represent the following class:

All clerks of court and other officials and entities in Virginia to whom the Transfer Tax is due under law, within the applicable limitations period, and who recorded a deed or other instrument for Defendants upon which Defendants did not pay the transfer tax.

15. The class is so numerous that joinder of all members is impracticable. In Virginia, there are more than 100 city and county clerks or other officials to whom transfer taxes are owed and should have been paid by Defendants but for their claim of exemption.

16. There are questions of law and fact common to all members of the class: specifically, the Plaintiff's claims arise from the same event or practice or course of conduct by the Defendants which gives rise to the claims of the putative class, and his claims are based upon the same legal theories as those of the putative class. The Defendants have engaged in a statewide pattern and practice, in violation of law, of not paying transfer taxes based on their claim of exemption from payment because they are governmental entities or instrumentalities and/or they are otherwise exempt from taxation. The resolution of this issue, to wit, whether Defendants are governmental entities or instrumentalities entitled to exemption from payment of transfer taxes or are otherwise exempt from payment of such taxes under law, is a common question of fact and law which will affect all members of the class in the same manner.

17. Plaintiff's claims are typical of the claims of the class inasmuch as they arise from the same course of conduct as the claims of the putative class, and the class

consists of clerk of court and other official and entities to whom Defendants owe but did not pay the transfer taxes.

18. Plaintiff will fairly and adequately protect and represent the interests of each member of the class in that he has no conflicts with the class and has retained counsel experienced in the prosecution of class action litigation.

19. Defendants' actions, to wit: failing to pay the transfer tax imposed by law, raises questions of law and fact common to the Plaintiff and class members. These questions, specifically whether the Defendants are exempt from the payment of transfer taxes based on their being governmental entities or instrumentalities and/or being otherwise exempt, predominate over any questions affecting only individual members of the class. Similarly, the issue of whether the transfer tax is a "direct tax" is a common question of law and fact for the Plaintiff and class members. Class representation is superior to other available methods for the efficient adjudication of this controversy in that (a) there are no other pending suits of which Plaintiff is aware in Virginia which would indicate that there is little, if any, desire by class members to control the litigation, (b) the instant forum is a desirable forum for concentrating this litigation, and (c) there will be no problem managing the case given that the Defendants' practices and the relief sought are subject to generalized proof by virtue of their being uniform, the computation and amount of the transfer taxes due are establish by state statute, and the record evidence from which the transfer taxes due would be calculated is maintained and readily accessible in the official public records of each class member as well as the electronic records of the Defendants. Accordingly, this action is maintainable under subsection (b)(3) of Fed.R.Civ.P. 23.

## COUNT I – VIOLATION OF VIRGINIA STATUTE

20. The Plaintiff realleges paragraphs 1 thru 19.

21. The Defendants' actions of failing to pay the Transfer Tax violate the Virginia Recordation Tax Act, Va. Code § 58.1-800 et seq.

22. The Defendants have further falsely stated their status as exempt in violation of Va. Code § 58.1-812(c) and are thereby subject to a penalty of 100% of the taxes due under the law plus interest until paid.

## COUNT II - UNJUST ENRICHMENT

23. The Plaintiff realleges paragraphs 1 thru 19.

24. The Plaintiff has conferred a direct benefit on the Defendants by according the Defendants the privilege of using their recording system to record deeds and other instruments.

25. The Defendants had knowledge of this benefit that the Plaintiff conferred in that they knew they was taking advantage of the privilege of using the recording system whenever they filed a deed or other instrument and, absent their being exempt, they would have to pay the legally imposed transfer tax for exercising the privilege.

26. The Defendants accepted the benefit of using the recording system of the Defendants without paying for the privilege as required by law.

27. The circumstances are such that it is inequitable and unjust for the Defendants to retain the benefit of the privilege of using the Plaintiff's recording system without paying the transfer in exchange for such use as required by law.

## COURT III – DECLARATORY JUDGMENT

28. The Plaintiff realleges paragraphs 1 thru 19.

29. There is an actual controversy between the Plaintiff and the class and the Defendants inasmuch as the Defendants contend that they are exempt from the payment of transfer taxes.

30. It is in the public interest to have the rights of the parties as regards payment of the transfer tax determined.

31. The declaratory judgment will terminate and afford relief from uncertainty, insecurity and controversy giving rise to this proceeding.

32. The Plaintiff and the class are entitled to a declaration under 28 U.S.C. § 2201 that the Defendants are not exempt from payment of transfer taxes under state and/or federal law.

33. The Plaintiff and the class are also entitled further relief under 28 U.S.C. § 2202 including payment to them of the transfer taxes not paid by Defendants, together with any statutory penalties and interest. Such relief is necessary and proper to the declaratory relief sought.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands the following relief:

a. That the Court certify the matter as a class action pursuant to the provisions of (b)(3) of Fed.R.Civ.P. 23 and order that notice be provided to all class members.

b. That the Court enter judgment declaring that the practice complained of herein is in violation of law and that Defendants are subject to payment of the transfer taxes and are not governmental entities or instrumentalities exempt therefrom or otherwise exempt therefrom under law;

c. That the Court enter judgment enjoining the Defendants from engaging in the practice complained of herein, to wit, claiming exemption for transfer taxes as a governmental entity or instrumentality or being otherwise exempt under law;

d. That the Court enter judgment awarding the Plaintiff and the class damages equal to the transfer taxes not paid, plus any applicable statutory interest and penalties;

e. That the Court enter judgment awarding the Plaintiff and the class prejudgment interest and reasonable attorney's fees and costs; and

f. That the Court order such further relief as is equitable and just.

Dated this 2nd day of July, 2012.

*/s/ Tracy A. Houck*

TRACY ANN HOUCK
Va. Bar No. 34944
Parrish, Houck & Snead, PLC
701 Kenmore Avenue, Suite 100
Fredericksburg, Virginia 22401
(540) 373-3500
(540) 899-6394
houck@phslawfirm.com

Of Counsel:

JOHN C. DAVIS
Ga. Bar No. 210820
Law Office of John C. Davis
623 Beard Street
Tallahassee, FL 32303
(850)-222-4770
(850)-222-3119 (fax)
john@johndavislaw.net

C. WES PITTMAN
Fla. Bar No. 220507
The Pittman Firm, P.A.
432 McKenzie Avenue
Panama City, FL 32401
(850) 784-9000
(850) 763-6787 (fax)
wes@pittmanfirm.com

DEBRA BREWER HAYES
Texas Bar No. 05656790
Of Counsel, Reich & Binstock, LLP
4265 San Felipe, Suite 1000
Houston, TX 77027
281-768-4716 Direct
713-622-7271 Main
713-623-8724 Fax
dhayes@dhayeslaw.com

Attorneys for Plaintiff