**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| JEFFREY S. SMALL, as Clerk of Circuit Court of City of Fredericksburg, Virginia, individually and behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION a/k/a FANNIE MAE and Federal Home Loan Mortgage Corporation a/k/a FREDDIE MAC,<br><br>      Defendants.<br><br>and<br><br>FEDERAL HOUSING FINANCE AGENCY, as Conservator of Fannie Mae and Freddie Mac,<br><br>      Intervenor-Defendant | Civil Action No. 3:12-cv-00487<br>Judge Henry E. Hudson |

**DEFENDANTS' REPLY TO PLAINTIFF'S SUPPLEMENTAL BRIEF**

Pursuant to the Court's January 29, 2013 Order (ECF No. 29), Defendants hereby reply to Plaintiff's February 8, 2013 supplemental brief (ECF No. 32) ("Pl.'s Supp. Br.") regarding his statutory standing to enforce the Transfer Taxes. At bottom, Plaintiff fails to identify any law that authorizes him, expressly or otherwise, to bring this action.

## ARGUMENT

### I. PLAINTIFF'S AUTHORITY TO "COLLECT" TRANSFER TAXES DOES NOT AUTHORIZE HIM TO BRING THIS ACTION

No law authorizes Plaintiff to sue to enforce the Transfer Tax statutes. Plaintiff nevertheless argues that he has authority to sue because the Transfer Tax statutes require him to "collect" the tax and remit a portion to the Department of Taxation. Pl.'s Supp. Br. at 5. That is wrong. As these statutes make clear, the clerk is authorized to "collect" taxes *as a prerequisite* to "admitt[ing] to record" a "deed, instrument or other writing." Va. Code § 58.1-802. The statutes do not use the word "collect" in reference to a subsequent enforcement action.

Nor can the operative statutory term "collect" be construed so expansively. As Defendants have explained, a clerk's ministerial powers are purely a creature of statute. *Harvey v. Chesapeake & Potomac Tel. Co. of Va.*, 93 S.E.2d 309, 313 (Va. 1956); *see* Defs.' Supp. Br. at 2-3 (ECF No. 33). Consistent with these principles, the Virginia Supreme Court and the Attorney General have repeatedly held that an enabling statute, where silent, cannot be construed to expand the clerk's authority to act. *E.g.*, *Harvey*, 93 S.E.2d at 316 (holding that the clerk had no authority to modify a final judgment entered by the court); 2008 Va. Op. Att'y. Gen. 105, 2009 WL 570959 (Feb. 25, 2009) (noting that Dillon's Rule of strict construction applies to the clerk and holding that the clerk lacked authority to "refuse to record boundary survey plats and physical survey plats until after the review and approval of such plats by local planning

officials");[1] Defs.' Supp. Br. at 3-4 (citing additional authority). Plaintiff fails to address any of these authorities or principles.

Plaintiff instead contends that his decision to bring this suit in his official capacity deserves "deference" given his statutory duty to "collect" the Transfer Taxes. *See* Pl.'s Supp. Br. at 6-7. In support he cites an Attorney General opinion that does not speak to the issue presented here. *See* 2003 Op. Att'y. Gen. 059, 2003 WL 22083572 (Aug. 14, 2003). In that opinion, the Attorney General merely opined that a clerk was not "obligated to assign a deputy circuit court clerk to the courtroom during civil proceedings before the court." *Id.* That is because the General Assembly did not unequivocally require clerks to ensure the presence of a deputy clerk during courtroom proceedings, even though it authorized the clerk to undertake various administrative tasks. It was in that limited context the Attorney General opined that the clerk's actions deserved "deference." Indeed, the opinion only addressed when a clerk's *inaction* is due deference; the opinion in no way upended the longstanding principle that legislative grace determines a clerk's authority to act, the bounds of which are strictly construed.

## II. THE DEPARTMENT OF TAXATION'S DISCRETION TO BRING AN ACTION DOES NOT SUPPORT, BUT RATHER UNDERMINES, PLAINTIFF'S STATUTORY STANDING TO SUE

Plaintiff argues that the Department of Taxation lacks exclusive authority to enforce the Transfer Taxes because the statute says that the Department "may" assess and collect delinquent taxes. Pl.'s Supp. Br. at 8. But that argument fails because it conflates two different propositions — (a) whether the Department is *required* to act and (b) whether the Department

---

[1] Under Dillon's Rule, municipal corporations and constitutional officers "have only those powers that are expressly granted, those necessarily or fairly implied from expressly granted powers, and those that are essential and indispensable." *Bd. of Zoning Appeals of Fairfax Cnty. v. Bd. of Sup'rs of Fairfax Cnty.*, 666 S.E.2d 315, 317 (Va. 2008).

2

has *exclusive authority* to act. That the Department may enforce the Transfer Taxes in its discretion does not imply that others may act in its place.

To the contrary, the Department's statutory discretion to sue creates a presumption that no other person or entity is authorized to sue. *See* Defs.' Supp. Br. at 6. No sound purpose would be served by giving the Department discretionary enforcement powers if third-parties — such as the Plaintiff here — could undermine the agency's enforcement priorities. For this reason, Plaintiff's claim that he "cannot be at the mercy of the state and its officers . . . to act on his behalf" is misplaced and, in any event, irrelevant.[2] To the contrary, the Department of Taxation's enforcement priorities cannot be subject to the whims of 121 clerks of court, each acting as he or she deems appropriate.

## III. THE TAX PROVISIONS CITED BY PLAINTIFF ARE IRRELEVANT

Plaintiff argues that the Transfer Taxes, unlike other taxes, establish a "parallel" enforcement scheme under which the state or localities may sue to enforce the tax. Pl.'s Supp. Br. at 4, 9. As support, Plaintiff invokes an array of irrelevant Virginia tax law provisions, such as a statute that authorizes county treasurers and private collection agencies to collect delinquent taxes. *Id.* at 9. Far from supporting Plaintiff's argument, these provisions undermine it, as Plaintiff has not been granted similar powers with respect to the Transfer Taxes. Plaintiff also quotes a section of the laws under which "the payment of any county, city or town taxes, may, in

---

[2] While recognizing the difference between Article III standing and statutory authority to sue, Pl.'s Supp. Br. at 2-3, Plaintiff makes much of the fact that he "has a personal stake in the proper collection of recordation taxes" because he might face criminal sanctions for his failure to carry out his responsibilities. *See id.* at 5-6. But the statute Plaintiff cites, Va. Code § 58.1-3907, does not even govern here. It applies only where there has been a *willful* failure to collect "local admission, transient occupancy, food and beverage, daily rental property or cigarette taxes administered by the commissioner of the revenue or other authorized officer." Even if Plaintiff's fears of a hypothetical future injury were genuine and well-founded, they could not cure Plaintiff's lack of statutory authority necessary to bring this action and enforce the Transfer Tax statutes. *See generally CGM, LLC v. BellSouth Telecoms.*, Inc., 664 F.3d 46, 52 (4th Cir. 2011) (describing the difference between constitutional or prudential standing and statutory standing).

addition to the other remedies provided in this chapter, be enforced by action at law . . ." *Id.* at 8. That provision, too, is irrelevant because it falls within the subtitle, "Local Taxes," and not the subtitle that governs the Transfer Taxes, "Taxes Administered by the Department of Taxation." Accordingly, these provisions give no support for Plaintiff's imaginary "parallel" enforcement scheme.

## IV. THE CITY OF FREDERICKSBURG CANNOT CONFER STATUTORY STANDING UPON PLAINTIFF TO BRING THIS ACTION

Plaintiff anticipatorily seeks leave to amend to add the City of Fredericksburg as a party to this action if the Court finds that the Plaintiff lacks statutory standing. *Id.* at 6. Such an amendment would be futile, as it would in no way cure Plaintiff's lack of statutory authority to bring this action. Plaintiff argues that "the City has suffered injury in-fact and has a personal stake . . . to bring this lawsuit." *Id*. at 6. But, as is the case with Plaintiff, regardless of whether the City has Article III standing, the Virginia Recordation Tax Act creates a right of action only for the Department of Taxation. It does not authorize Plaintiff, the City of Fredericksburg, or any other entity to sue on behalf of, or in addition to, the Department of Taxation. *See* Defs.' Supp. Br. at 5-8.

For these reasons, it also is immaterial whether Plaintiff is a "proper officer" to bring suit on behalf of the City of Fredericksburg, Pl.'s Supp. Br. at 7. Because the Virginia Recordation Tax Act does not authorize the City to bring an enforcement action, Plaintiff's suit would fail even if Plaintiff were assumed to be a "proper officer." Contrary to Plaintiff's assertion, the City's general power to "sue and be sued" does not provide the City with statutory standing because the City also is subject to Dillon's Rule and its powers are therefore strictly construed. *See Tabler v. Bd. of Sup'rs of Fairfax Cnty.*, 269 S.E.2d 358, 359 (1980). Accordingly, the Transfer Tax statutes do not provide the City a statutory right of action for the same reason they

4

cannot be construed to authorize Plaintiff to bring this suit. Moreover, regardless of whether the City has statutory standing to sue, any amendment to add the City would be futile because, as set forth in Defendants' motion to dismiss, Plaintiff's claims are barred by the unambiguous and broad language of the Defendants' statutory exemptions from "all taxation."

## **CONCLUSION**

For all the reasons set forth herein and in the briefing on Defendants' pending motion to dismiss, Plaintiff has failed to state any viable claim, and the action should be dismissed with prejudice.

Dated:   February 13, 2013

 s/ Alexander J. Kramer
Alexander J. Kramer (Va. Bar No. 76938)
**FOLEY & LARDNER LLP**
3000 K Street NW, Suite 600
Washington, DC 20007-5109
Phone: (202) 945-6178
Fax: (202) 672-5399
E-mail: akramer@foley.com


Ann Marie Uetz* (Mich. Bar No. P48922)
**FOLEY & LARDNER LLP**
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Phone: (313) 234-7100
Fax: (313) 234-2800
E-mail: auetz@foley.com


Jill L. Nicholson* (Ill. Bar No. 6257217)
**FOLEY & LARDNER LLP**
321 North Clark Street, Suite 2800
Chicago, IL 60654
Phone: (312) 832-4500
Fax: (312) 832-4700
E-mail: jnicholson@foley.com

*Attorneys for Federal National Mortgage Association*

* *pro hac vice* applications to be submitted

Respectfully submitted,

Ian S. Hoffman (Va. Lic. No. 75002)
Michael Johnson (Va. Lic. No. 41588)
Howard Cayne (D.C. Lic. No. 331306)
Asim Varma (D.C. Lic. No. 426364)
**ARNOLD & PORTER LLP**
555 12th Street, NW
Washington, DC  20004
Telephone: 202.942.5000
Facsimile: 202.942.5999
E-mail:  Michael.Johnson@aporter.com

*Attorneys for Defendant Federal Housing Finance Agency, in its capacity as Conservator of Fannie Mae and Freddie Mac*

Michael J. Ciatti (Va. Bar No. 40607)
Jonathan A. Henry (Va. Bar No. 80467)
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW
Washington, DC  20006
Tel: (202) 661-7828
Fax: (202) 626-3737
E-mail:  mciatti@kslaw.com

*Attorneys for Federal Home Loan Mortgage Corporation*

6

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| JEFFREY S. SMALL, as Clerk of Circuit Court of City of Fredericksburg, Virginia, individually and behalf of all others similarly situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION a/k/a FANNIE MAE and Federal Home Loan Mortgage Corporation a/k/a FREDDIE MAC,<br><br>　　　Defendants.<br><br>and<br><br>FEDERAL HOUSING FINANCE AGENCY, as Conservator of Fannie Mae and Freddie Mac,<br><br>　　　Intervenor-Defendant | Civil Action No. 3:12-cv-00487<br>Judge Henry E. Hudson |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Michael Johnson